IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIAN LEVETTE COOPER, No. 02705-025,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES of AMERICA,<br><br>      Respondent. | CIVIL NO. 10-cv-899-DRH |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the United States penitentiary in Hazelton, West Virginia, brings this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge his 1993 conviction in this Court. After a jury trial, petitioner was found guilty of conspiracy to distribute over 500 grams of cocaine, and was sentenced to life imprisonment because of his career offender status. Petitioner's conviction and sentence were affirmed by the Seventh Circuit on appeal, on November 3, 1994. *United States v. Cooper*, 39 F.3d 167 (7th Cir. 1994).

      Prior to the instant action, petitioner challenged his sentence by filing a motion under 28 U.S.C. § 2255, which was denied as untimely. *Cooper v. United States*, No. 97-cv-1041-JPG (S.D. Ill. Dec. 29, 1997), *aff'd*, 199 F.3d 898 (7th Cir.

1999), *cert. denied*, 30 U.S. 1283 (2000). Subsequently, petitioner filed two other habeas corpus actions under § 2241, both of which were dismissed. *Cooper v. United States*, No. 02-cv-1150-DRH (S.D. Ill. Nov. 15, 2002); *Cooper v. Norwood*, No. 06-cv-747-GPM (S.D. Ill. Sept. 25, 2006).

In 2008, Petitioner filed a motion in the original criminal case, seeking retroactive application of new sentencing guidelines, which was also denied. *See United States v. Cooper*, No. 93-cr-30030-MJR-1 (Docs. 67, 78, 81). Petitioner's appeal of that denial is currently pending before the Seventh Circuit (Appellate Docket No. 11-1937).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.

*Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); see also *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his *federal* conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255." (emphasis in original)). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner appears to contend that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that petitioner may be barred from bringing a successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. United States*, 248 F.3d 585 (7th Cir. 2001) (*overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001));[1] see also *Pack v. Yusuff*,

---

[1] *Ashley* overruled only Part III of the *Montenegro* decision. The *Ashley* court held that any district court, court of appeals, or the Supreme Court can render a decision that a right newly recognized by the Supreme Court is retroactively applicable to cases on collateral review on a first § 2255 motion under § 2255 ¶ 6(3) [now § 2255(f)(3)], thus beginning the one-year limitations period for filing a § 2255 motion under the Antiterrorism and Effective Death

218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that § 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Seventh Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged

---

Penalty Act (AEDPA). *Ashley*, 266 F.3d at 674. (However, a second or successive petition filed under ¶ 8(2) [now (h)(2)] can only be authorized where the Supreme Court itself made the new rule retroactive on collateral review. *Id.* at 674-75.)

conduct is no longer a crime due to some subsequent change in the law as contemplated by the *Kramer* court. Instead, petitioner claims that he is "actually innocent" of the charges in the indictment, asserting that he never possessed the drugs, had no dealings with the co-conspirators, and was the target of vindictive prosecution and prosecutorial misconduct. Petitioner also claims his trial counsel was ineffective, his sentence was unconstitutionally enhanced to life, and the sentence reflected an unconstitutional disparity between crack and powder cocaine offenses. All of these arguments either were or should have been raised in one or another of petitioner's previous challenges to his conviction and sentence: his direct appeal, his original § 2255 motion, or his two previous § 2241 motions. As noted above, petitioner's sentencing disparity argument is currently the subject of a pending appeal.

For the reasons outlined above, § 2255 does not prove to be an inadequate remedy for petitioner's claims, and under *Davenport*, he cannot raise the claims under § 2241.

Therefore, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** June 27, 2011

Digitally signed by David R. Herndon
Date: 2011.06.27 15:58:58 -05'00'

**Chief Judge**
**United States District Court**